Dominic S. Rinaldi, J.
This is a motion by the defendant for an order vacating the judgment of this court sentencing him on March 16, 1962, as a second felony offender, and that he be resentenced as a first felony offender.
Prior to this sentence, an information was filed against the defendant charging him with being a second felony offender. The basis for such proceedings was a prior conviction of the crime of participating in a riot in violation of article 116 of the Uniform Code of Military Justice (U. S. Code, tit. 10, § 801 et seq.) by the findings of a general court-martial convened by the United States Army on Governor’s Island, New York, on December 21, 1951. The defendant admitted that he was the same person who had been convicted of such crime but contended that it would not be deemed a felony if the same were committed in this State. The court determined otherwise, and after adjudging him to be a second felony offender by reason thereof, sentenced him accordingly.
The defendant advances two contentions in support of the instant motion, as follows:
1. There is no crime under our Penal Law analogous to the crime of which he was convicted by the general court-martial.
The defendant is in error. Subdivision 2 of section 2091 of the Penal Law makes the crime of riot or of participating in a riot, a felony, and hence, the prior conviction in violation of the Uniform Code of Military Justice is equivalent to such crime and would be felonious if the same were committed in this State (People v. Benjamin, 7 A D 2d 410).
2. The defendant further claims that since article 116 of the Uniform Code of Military Justice has its counterpart in section 130.110 of the New York State Code of Military Justice (Military Law, art. 7), a violation thereof by one, while in active military service, does not fall within the jurisdiction of our Penal Law. It therefore follows, according to the defendant, that subdivision 2 of section 2091 of the Penal Law has no application to military personnel on active duty.
The court cannot accept this tenuous argument because it is contrary to our settled law. Section 2500 of the Penal Law provides that no provision of that law “shall be deemed *39 repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or -amend this chapter [Penal Law] accordingly”. An examination of the Code of Military Justice (L. 1953, ch. 617) reveals no reference, explicit or otherwise, to any repeal, alteration or amendment of either section 1941, or section 2091 of the Penal Law. Therefore, the Penal Law is in no way affected by the New York State Code of Military Justice.
The principles set forth in People ex rel. Gold v. Jackson (5 N Y 2d 243) and People v. Benjamin (supra) are controlling for the purpose of determining whether a conviction of a crime under a court-martial proceeding falls within the purview of our multiple offender laws. These cases clearly support the proceedings wherein the defendant was adjudged to be a second felony offender and the motion is therefore denied.